UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN SURGICAL ASSISTANTS, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-347 |
| | § | |
| FIRST HEALTH GROUP CORP. | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court are defendant First Health Group Corp.'s ("First Health") motion to dismiss (Dkt. 26) and motion for summary judgment, or in the alternative, motion to compel (Dkt. 34). On review of the motions and the applicable law, the motion to dismiss is DENIED AS MOOT and the motion for summary judgment is GRANTED.

**BACKGROUND**

Plaintiff American Surgical Assistants, Inc. ("ASA") provides surgical assistant services to patients who are policy holders and/or plan members of health plans administered by First Health. Dkt. 55 at 2. Prior to administering the services to the patients, ASA receives pre-approval from First Health verifying insurance coverage. *Id.* After providing the services, ASA then submits claims to First Health for payment. *Id.* at 4. In its amended complaint, ASA alleges that First Health failed to make proper and timely payments for claims submitted. *Id.* As a result, ASA contends it is owed $952,766.00 plus interest. *Id.*

ASA's claims against First Health include both state and federal causes of action. The state claims allege violations of the Texas Insurance Code and Deceptive Trade Practices Act, negligence

and negligent misrepresentation, breach of contract and prompt pay violations, breach of the duty of good faith and fair dealing, and violations of the Texas Theft Liability Act. The federal claims include claims under ERISA, RICO violations, and violations of the Sherman Act.

First Health filed its motion to dismiss on May 27, 2009. Dkt. 26. ASA did not file a response. Additionally, during the course of this suit, and partially in violation of the Rule 16 scheduling order entered by the court, ASA failed to respond to First Health's written discovery, chose not to conduct its own discovery, chose not to designate any expert witnesses, and did not attend mediation even after requests to do so from First Health. As a result, First Health asks the court to grant it summary judgment on all claims, or in the alternative, compel ASA to respond to First Health's written discovery. Dkt. 34. ASA did not respond to the motion for summary judgment.[1]

## ANALYSIS

The court denies as moot First Health's motion to dismiss in light of the subsequently filed motion for summary judgment and addresses only the latter motion.

*1.     Summary Judgment Standard*

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

---

[1] The day before the response was due, ASA did file a motion for an extension of time to respond. *See* Dkt. 35. The court, however, denied the motion for reasons set forth in an order filed contemporaneously with this order.

Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). A motion for summary judgment cannot be granted simply because it is unopposed. *Sangi v. Fairbanks Capital Corp.*, 259 F. App'x 359, 361–62 (5th Cir. 2007); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n.3 (5th Cir. 1995). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996) (citing *Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir.1991)).

*2.    First Health's Motion for Summary Judgment, or in the Alternative, Motion to Compel*

In its motion for summary judgment, First Health details the elements for each claim alleged by ASA and notes that there is a complete lack of evidence to support any claim. Dkt. 34. As ASA has not responded to the motion for summary judgment, ASA has only its unsworn pleadings to rely on, which by law do not constitute competent summary judgment evidence. Furthermore, given ASA's lack of participation thus far in the case and its complete disregard for the Rule 16 scheduling order deadlines, it would not be in the best interest of justice to continue this case by compelling ASA to respond to First Health's written discovery. Thus, First Health's motion for summary judgment is granted.

## CONCLUSION

For the reasons states above, First Health's motion to dismiss is DENIED AS MOOT and its motion for summary judgment is GRANTED.

It is so ORDERED.

Signed at Houston, Texas, on February 11, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY